**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**NATIONAL HEALTHCARE AFFILIATES, INC.,**

                      **Plaintiff,**                    **01-CV-0798A(Sr)**

**v.**

**LIBERTY MUTUAL INSURANCE COMPANY,**

                      **Defendant.**

---

## **DECISION AND ORDER**

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. # 6.

Currently before me is Liberty Mutual Insurance Company's ("LMIC's"), letter objecting to National Healthcare Affiliates, Inc.'s ("NHCA's"), response to this Court's directive of October 20, 2008:

> Plaintiffs are hereby directed to supply defendants with information regarding the location of the local office claim files. If the location of the claim files is unknown, plaintiffs shall provide defendants with the name and current location of the person who was the office manager at the time the office closed no later than 1/16/2009.

Dkt. #112. This Order was entered following a pretrial conference discussing outstanding discovery issues. Dkt. #110. The pretrial conference was conducted in an attempt to resolve LMIC's motion (Dkt. #65), to compel NHCA to produce for deposition

witnesses with knowledge of NHCA's record keeping practices and disposition of records following NHCA's dissolution, which the Court denied without prejudice.  Dkt. #105.

In response to the Court's Order, NHCA submitted an affidavit from its Chief Executive Officer, Jack A. Turesky, advising that only three of the local offices at issue "continue to be accessible to me, as CEO of NHCA" and producing additional claims files from one of those local offices, *to wit,* Health Services of Northern New York, Inc.  Mr. Turesky further affirmed that the other two local offices, Orchard Heights, Inc. and Brompton Heights, Inc., "reported that after a diligent search, they could find no documents pertaining to employees' workers' compensation claims that were processed under or pursuant to either of the [relevant] insurance policies."  With respect to the other local offices, Mt. Turesky advised that NHCA "no longer has access to or control over those facilities/entities that were sold or transferred to Genesis Health Ventures, Inc., and, even if those entities continue to exist (which is not known), NHCA does not have current contact information for or about the management or personnel thereof."

Mr. Turesky's affidavit is not responsive to the Court's Order, which clearly directed NHCA to provide LMIC, at the very least, with the name of the person who was the office manager at the time the local offices closed.  Moreover, the Court shares LMIC's concern with NHCA's efforts to preserve and produce documents relevant to this lawsuit, as evidenced by its belated disclosure of seven additional claims files

recently discovered at a local office. As a result, the Court agrees that LMIC should be required to explain the steps it has taken to preserve and produce documents relevant to this lawsuit. Accordingly, it is hereby

**ORDERED** that NHCA provide LMIC with the name of and most recent contact information for the office manager of each local office which is no longer controlled by LMIC; and it is further

**ORDERED** that NHCA prepare an affidavit, by someone with personal knowledge, setting forth the specific steps undertaken by NHCA to obtain, maintain, and preserve all documents related to each workers' compensation claim that NHCA alleges that Liberty Mutual mishandled; and it is further

**ORDERED** that NHCA prepare an affidavit, by someone with personal knowledge, setting forth the disposition of every office no longer controlled by NHCA in which an employee asserted a workers' compensation claim that NHCA alleges was mishandled by LMIC; and it is further

**ORDERED** that NHCA produce documentation of its attempts to obtain, maintain, and preserve all documents related to each workers' compensation claim which NHCA alleges that Liberty Mutual mishandled, or certify that no such documents have been located despite a diligent search.

This Order shall be complied with no later than **March 13, 2009.**  NHCA is forewarned that it's failure to comply with this Order, in both form and substance, risks sanctions from the Court, including, but not limited to, contempt and preclusion.

        **SO ORDERED**.

DATED:    Buffalo, New York
               February 25, 2009

          *s/ H. Kenneth Schroeder, Jr.*
          **H. KENNETH SCHROEDER, JR.**
          **United States Magistrate Judge**